UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRENTON McELROY (#433699)　　　　　　　　　　　　　CIVIL ACTION

VERSUS

BURL CAIN, WARDEN　　　　　　　　　　　　　　　　　NO. 06-0426-D-M3

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this __28th__ day of July, 2008.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　DOCIA L. DALBY
　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRENTON McELROY (#433699)                    CIVIL ACTION

VERSUS

BURL CAIN, WARDEN                            NO. 06-0426-D-M3

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Trenton McElroy, challenges his conviction and life sentence, entered in 2000 on one count of second degree murder, a violation of La. R.S. 14:30.1. The petitioner contends that the evidence was insufficient at trial to support his conviction and that his attorney provided ineffective assistance at trial.

After a trial by jury conducted in November, 2000, the petitioner was found guilty of having committed the murder of Gregory Germany on June 16, 1999. He was sentenced on January 24, 2001, to life imprisonment. The petitioner appealed this conviction, contending (1) that the trial court erred in excluding character evidence of the victim, (2) that the evidence was insufficient to support the verdict, and (3) that the punishment was constitutionally excessive. On December 28, 2001, the conviction was affirmed by the Louisiana Court of Appeal for the First Circuit, State v. McElroy, 810 So.2d 583 (La. App. 1st cir. 2001), and on January 31, 2003, the petitioner's application for supervisory review in the Louisiana Supreme Court was denied. State v. McElroy, 836 So.2d 59 (La. 2003).

In August or September, 2003, the petitioner filed an application for post-conviction relief in the state district court, asserting (1) that the trial court erred in denying a motion for post-verdict judgment of acquittal and (2) that he was provided with ineffective assistance of counsel. This application was denied in the district court on September 22, 2004, and applications for supervisory

review were subsequently denied by the intermediate appellate court and by the Louisiana Supreme Court, on February 7, 2005, and January 27, 2006, respectively. See State ex rel McElroy v. State, 922 So.2d 538 (La. 2006).

On June 15, 2006, the petitioner filed the instant habeas corpus application in this Court. The State asserts initially that the petitioner has failed to exhaust state court remedies as mandated by 28 U.S.C. § 2254(b) and ©, relative to his claim that he was provided with ineffective assistance of counsel. The State further contends, in the alternative, that a deferential review of the state court proceedings and findings, as mandated by 28 U.S.C. § 2254(d) and (e), compels the conclusion that the petitioner's claims must be rejected.

The evidence adduced at trial reflects that in the early morning hours of March 28, 1999, the petitioner arrived at the residence of an ex-girlfriend (and mother of the petitioner's child), Nneka Goings, purportedly to bring her money in response to a request made earlier that evening in a phone call to the petitioner's mother. Upon arrival, the petitioner placed a handgun in his belt and exited his vehicle. Upon realizing that his ex-girlfriend was sitting in a nearby vehicle with another man, the petitioner stood outside of the vehicle and engaged in a conversation with Ms. Goings, requesting that she exit the vehicle so that he could speak with her. When she refused, a verbal confrontation arose between the petitioner and Ms. Goings, whereupon the male occupant of the vehicle, the ultimate victim, attempted to intervene and told the petitioner to leave. When the petitioner began to argue with the victim, the victim exited the vehicle and both males began to argue across the roof of the car. After several minutes of verbal sparring, the victim came around the back of the vehicle toward the defendant. As the victim then allegedly raised his hand, the petitioner pulled his gun and shot the victim, hitting the victim once in the chest and twice in the lower body. According to Ms. Goings, after the first shot, the victim attempted to retreat, but the petitioner followed and continued firing as the victim retreated. In addition, the evidence indicated that at least six (6) shots were fired from the petitioner's gun, and no evidence was presented

suggesting that the victim ever had a firearm or other weapon. Finally, Ms. Goings testified that the petitioner had warned her, approximately two months prior to the incident, that if he ever say Ms. Goings with the decedent and was armed, he would shoot the decedent.

Addressing first the petitioner's claim that the evidence was insufficient to support the verdict, the standard for review in this Court is that set forth in 28 U.S.C. § 2254. Specifically relevant is 28 U.S.C. § 2254(d)(1), which provides that an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See also Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. See 28 U.S.C. § 2254(d)(1)-(2); Montoya v. Johnson, 226 F.3d 399 (5th Cir. 2000), cert. denied, 532 U.S. 1067, 121 S.Ct. 2220, 150 L.Ed.2d 212 (2001). Mere disagreement with the state court is not enough: The standard is one of objective reasonableness. Montoya, supra, 226 F.3d at 404. See also Williams v. Taylor, supra, 529 U.S. at 409, 120 S.Ct. at 1521 (2000)("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). State court determinations of underlying factual issues are presumed

correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The State contends that, applying this standard to the petitioner's claim, there is no basis for the granting of habeas relief in connection with this claim.

The standard for testing the sufficiency of the evidence on federal habeas review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Knox v. Butler, 884 F.2d 849, 851 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828, 108 L.Ed.2d 957 (1990). This standard of review applies in both direct and circumstantial evidence cases. Schrader v. Whitley, 904 F.2d 282 (5th Cir.), cert. denied, 498 U.S. 903, 111 S.Ct. 265, 112 L.Ed.2d 221 (1990). In reviewing the sufficiency of the evidence under this standard, the federal habeas court must defer to the state court fact-finder's evaluation of the credibility of witnesses and the resolution of conflicts in the evidence. Knox, supra; Valles v. Lynaugh, 835 F.2d 126 (5th Cir. 1988); Holloway v. McElroy, 632 F.2d 605 (5th Cir. 1980), cert. denied, 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981). Further, the federal habeas court's consideration of the sufficiency of the evidence is limited to a review of the record evidence adduced at the petitioner's state court trial. Knox, supra; Young v. Guste, 849 F.2d 970 (5th Cir. 1988). State law defines the substantive elements of the offense, and a state judicial determination that the evidence was sufficient to establish the elements of the offense is entitled to great weight on federal habeas review. Hawkins v. Lynaugh, 844 F.2d 1132 (5th Cir.), cert. denied, 488 U.S. 900, 109 S.Ct. 247, 102 L.Ed.2d 236 (1988); Porretto v. Stalder, 834 F.2d 461 (5th Cir. 1987).

In the present case, the petitioner's sufficiency claim presents a mixed question of law and fact and, therefore, 28 U.S.C. § 2254(d)(1) governs the analysis. In other words, this Court may not grant the petitioner's request for habeas relief unless it concludes that the trial court's decision

was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States". A decision is contrary to clearly established Federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). With respect to the "unreasonable application" standard, Williams instructs that a writ must issue "if the state court identifies the correct governing legal principle from the [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

In the present case, the governing state law is La. R.S. 14:30.1, Louisiana's second degree homicide statute, which defines the subject offense, in pertinent part, as the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm. The petitioner in this case does not dispute that he fired the shots which killed the decedent. The thrust of his argument in this case is that the shooting was justified in self-defense or, in the alternative, that the evidence adduced at trial was more consistent with the crime of manslaughter, i.e., a homicide committed in the heat of passion. In this regard, when a criminal defendant asserts the defense of justification, the State is obligated to prove, beyond a reasonable doubt, that the offense was not committed in self-defense. See State v. Henderson, 762 So.2d 747 (La. App. 1st Cir. 2000), writ denied, 793 so.2d 1235 (La. 2001)

Clearly, the petitioner would like for the jury to have concluded, and for this Court now to conclude, that his shooting of the decedent was (1) justified in self-defense, having been based upon his reasonable fear that he faced an immediate danger of death or great bodily harm and a reasonable belief that the shooting was necessary to save himself, or (2) manslaughter instead of second degree murder, having been undertaken "in sudden passion or heat of blood". In this regard, he points to his own testimony at trial that the area where the shooting occurred was too

dark for him to be able to determine whether the decedent had a gun, his testimony that preceding the shooting, the decedent threatened to "split his head", his testimony that the decedent approached him while raising his hand in a gesture which the petitioner found threatening, and his testimony that the petitioner fired his gun while retreating. It is not this Court's function, however, to determine what the jury could have found if only it had viewed the evidence differently. Instead, the Court's role is to determine whether the evidence, viewed in a light most favorable to the prosecution, was sufficient to prove every element of the crime beyond a reasonable doubt. Further, in accordance with 28 U.S.C. § 2254(d), this Court is limited only to determining whether the Louisiana courts unreasonably applied the due process standards of <u>Jackson v. Virginia</u>, <u>supra</u>, in affirming the petitioner's conviction.

The credibility of witnesses is a factual determination, and under 28 U.S.C. § 2254(e)(1), a determination of a factual issue shall be presumed correct. The petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. In light of this standard, the Court finds no unreasonable application of <u>Jackson v. Virginia</u> and the Due Process Clause. There is no dispute that the petitioner fired the shots which resulted in the death of the victim, and viewing the evidence in the light most favorable to the prosecution, particularly the testimony of Nneka Goings, the sole eyewitness to the incident other than the petitioner, the jury could have believed, as found by the state appellate court on direct appeal, that:

> [T]he only evidence that even remotely indicated that defendant acted in self-defense was his own uncorroborated testimony. Even if defendant had sufficient evidence of an overt or hostile act by the victim, the State introduced strong evidence that defendant's actions toward the victim were unreasonable under the circumstances and certainly not necessary to prevent great bodily harm. This jury could reasonably have found that this homicide was not committed in self-defense.

And as similarly found by the state court Commissioner on post-conviction review:

> [T]he evidence presented did not support the petitioner's claim that he only shot the victim in self-defense. In fact, as stated by the only eyewitness, Nneka Goings, the victim did not have a weapon when the petitioner shot him and had retreated from the petitioner after receiving the first shot.... However, despite the victim's attempts at retreat, the petitioner followed the victim and continued shooting him.... The record clearly indicates that the

victim was not armed at the time that the petitioner fired the first shot, and the petitioner continued to shoot the victim while he was fleeing. The petitioner's life was clearly in no imminent danger when the victim attempted to flee, and the testimony contained in the record does not support the petitioner's claim of self-defense.

Finally, the petitioner has not established that it was unreasonable for the jury to find that he did not act in "sudden passion" or "heat of blood" so as to justify reducing the offense to manslaughter. The evidence at trial reflected that the petitioner armed himself with a weapon, approached the vehicle in which his ex-girlfriend was sitting with the victim, commenced an argument with the ex-girlfriend, proceeded to argue with the victim, and ultimately discharged six shots at the unarmed victim while the victim was attempting to retreat. The evidence further reflected that the petitioner had previously threatened to shoot the victim if he ever found the victim in a car with his ex-girlfriend. Accordingly, based upon this evidence, it was not unreasonable for the state court to reject the petitioner's contention that the petitioner's offense should be reduced to manslaughter.

Based upon the foregoing, this Court is unable to conclude that the state courts unreasonably applied the Due Process Clause and Jackson v. Virginia, supra, and the petitioner's application is without merit relative to this claim.

Turning to the petitioner's claim that he was provided with ineffective assistance of counsel at trial, he complains that his appointed trial counsel was deficient in (1) failing to investigate the crime scene and to question both witnesses and investigating officers regarding whether darkness in the area of the shooting would have prevented the petitioner from determining whether the victim had a firearm, (2) failing to determine whether evidence at the scene supported a theory that the victim possessed a firearm at the time of the shooting, and (3) failing to search for and locate other witnesses in the area who may have heard the petitioner and the decedent arguing prior to the shooting.

Initially, the State contends, and this Court finds, that the petitioner's second and third claims, above, although technically exhausted, are subject to dismissal by reason of procedural default. Specifically, a review of the record reflects that the petitioner has never argued before the

state courts either that his counsel was ineffective for failing to determine whether evidence at the scene could have supported an argument that the victim possessed a firearm or that his counsel was ineffective for failing to search for witnesses who may have heard the petitioner and the decedent arguing prior to the shooting. Accordingly, it is clear that these claims were never presented before the state courts.

Claims are considered to be "technically" exhausted when state relief is no longer available, without regard to whether the claims were actually exhausted by presentation to the state courts. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). If a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred,'" then the claim is procedurally defaulted. Nobles v. Johnson, 127 F.3d 409 (5th Cir. 1997), cert. denied, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998)( quoting Coleman v. Thompson, supra). In the instant case, the petitioner's unexhausted claims are "technically exhausted because, and only because, petitioner allowed his state law remedies to lapse without presenting his claim to the state courts." Jones v. Jones, 163 F.3d 285 (5th Cir. 1998)(internal citations and quotations omitted). Inasmuch as these claims would be procedurally barred from consideration in a post-conviction relief application in state court by Louisiana Code of Criminal Procedure Article 930.8 (providing a 3-year time limit for the assertion of post-conviction claims), they are considered to by procedurally defaulted. Article 930.8 has been found to be a valid procedural bar. See, e.g., Glover v. Cain, 128 F.3d 900 (5th Cir. 1997).

When a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, supra. The petitioner has not shown

cause for his procedural default, or actual prejudice resulting therefrom. Nor has the petitioner made a showing to support a claim of factual innocence. This Court, therefore, is barred from considering the petitioner's technically exhausted claims.

Turning to the petitioner's claim which was adequately presented before the state courts, the petitioner asserts that his counsel failed to investigate the crime scene and should have "questioned the first officers on the scent 'independently rather than merely cross-examining'".[1] The petitioner asserts that, by doing so, "counsel could have established that it was too dark for petitioner to have known that [the victim] was not armed."

A habeas petitioner who claims ineffective assistance of counsel must affirmatively demonstrate:

   (1)   That his counsel's performance was "deficient", i.e., that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and

   (2)   That the deficient performance prejudiced his defense, i.e., that counsel"s errors were so serious as to deprive the defendant of a fair trial, a trial in which the result is reliable.

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner must make both showings in order to obtain habeas relief based upon an alleged ineffective assistance of counsel. Id. To satisfy the deficiency prong of the Strickland standard, the petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. See, e.g., Martin v. McCotter, 796 F.2d 813 (5th Cir. 1986), cert. denied, 479 U.S. 1057, 107 S.Ct. 935, 93 L.Ed.2d 985 (1987). The reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence and that, under the circumstances, the challenged action might be considered sound trial strategy. See, e.g., Bridge v. Lynaugh, 838 F.2d 770 (5th

---

[1] The State contends that this claim as well was not sufficiently presented before the Louisiana state courts because it was rejected as being conclusory. Notwithstanding, it appears to this Court that this claim was at least arguably substantively addressed by the state court on post-conviction review, and this Court will therefore address this claim on federal habeas review.

Cir. 1988). This Court, therefore, must make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial. Martin, supra, 796 F.2d at 817. Great deference is given to counsel's exercise of his professional judgment. Bridge, supra, 838 F.2d at 773; Martin, supra, 796 F.2d at 816.

If the petitioner satisfies the first prong of the Strickland test, his petition nonetheless must affirmatively demonstrate prejudice from the alleged errors. Earvin v. Lynaugh, 860 F.2d 623 (5th Cir. 1988), cert. denied, 489 U.S. 1091, 109 S.Ct. 1558, 103 L.Ed.2d 861 (1989). To satisfy the prejudice prong of the Strickland test, it is not sufficient for the petitioner to show that the alleged errors had some conceivable effect on the outcome of the proceeding. Strickland, supra, 466 U.S. at 693, 104 S.Ct. at 2067. Rather, the petitioner must show a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Martin, supra, 796 F.2d at 816. The habeas petitioner need not show that his counsel's alleged errors "more likely than not" altered the outcome of the case, he must instead show a probability that the errors are "sufficient to undermine confidence in the outcome." Id. at 816-17.

In the instant case, the petitioner asserts that his counsel was deficient for failing to investigate and produce evidence regarding the degree of darkness at the scene of the offense so as to support his claim that he fired his gun in fear because he could not see whether the victim had a firearm. However, a review of the trial transcript reveals that the petitioner himself testified that it was dark at the scene, as did a cousin of Nneka Goings who was present at the time. In addition, the evidence indicates that the dome light of the decedent's vehicle was in fact illuminated at the time of the shooting, providing some degree of light in the area of the vehicle. Accordingly, it is the Court's finding that the petitioner has failed to establish that his attorney was ineffective for failing to investigate or present to the jury evidence showing that the area where the shooting took place was indeed poorly lit at 2:00 a.m. on the morning of March 28, 1999. Therefore, the Court

finds that the petitioner has failed to establish any deficiency in his attorney's performance in this regard.

Based upon the foregoing, this Court concludes that the petitioner's application for habeas corpus relief in this Court is without merit and should be dismissed.

### RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice.

Baton Rouge, Louisiana, this 28th day of July, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE